UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Michael S. Kimm, Esq. (MK4476)
KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632
T: 201-569-2880
*Attorneys for Plaintiff*

Seung Han (Aaron) Shin, Esq. (SS1028)
SHIN & JUNG LLP
2400 Lemoine Ave. Suite 204
Fort Lee, New Jersey 07024
T: 201-482-8095
*Attorneys for Plaintiff*

| | |
|---|---|
| HEUNG JOO HAN, JONG MIN KOH, on behalf of themselves and others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>WEMAKEPRICE INC. d/b/a "WEMAP", I-SHOPLOG HOLDINGS INC., I-SHOPLOG LLC, EUN-SANG PARK, HEO MIN, JOON AHN, KWAN SUK MOON, JOHN DOE and JANE DOE #1-10, and ABC CORP. #1-10<br><br>Defendants. | Case No.: 17-CV-_____<br><br>**PLAINTIFF'S FIRST COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND** |

Plaintiffs Heung Joo Han ("Plaintiff Han") and Jong Min Koh ("Plaintiff Koh"), on behalf of themselves and others similarly situated states upon knowledge except where stated upon information and belief:

1

## INTRODUCTION

1. This is a collective action complaint against Wemakeprice Inc. d/b/a "Wemap" (hereinafter "Wemap"), I-Shoplog Holdings Inc. (hereinafter "I-Shoplog Holdings") and I-Shoplog LLC (hereinafter "I-Shoplog"), to challenge its policies and practices of denying proper payment of all wages due, including overtime and harassing employees.

2. Plaintiffs and members of the Collective are former nonexempt employees of Wemap who worked at Wemap's wholly own U.S. Subsidiary, I-Shoplog. Plaintiffs seek to represent other current and former non-exempt employees who worked at I-Shoplog's warehouse facilities in New Jersey.

3. Specifically, Plaintiffs allege Defendants have violated, and continue to violate the FLSA, as well as the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law. Defendant violates these laws by, inter alia: requiring Plaintiffs and members of the Collective to perform substantial work off the clock, which work routinely exceeds three (3) to six (6) additional hours per day.

4. Plaintiffs seek full compensation for all unpaid overtime wages, emotional distress, and loss of wages. Plaintiff also seeks restitution, declaratory and injunctive relief, liquidated damages, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court.

## THE PARTIES

5. At all relevant times, Plaintiff Han was and is an individual who is a domiciliary and resident of New Jersey and resides in 11 Sheridan Ave., Lodi, New Jersey.

6. At all relevant times, Plaintiff Koh was and is an individual who is a domiciliary and resident of New Jersey and resides in 251 Passaic St., Garfield, New Jersey.

7. At all relevant times defendant Wemakeprice Inc. (hereinafter "Wemap") was and is a business entity believed to be organized under the laws of South Korea, with its principal place of business at 502 Youngdongdero, Gangnam-gu, Seoul, South Korea. At all relevant times, defendant Wemap was and still is engaged in the business of operating an e-commerce/social commerce marketplace, and is the parent company of defendants I-Shoplog Holdings, Inc. and I-Shoplog LLC.

8. At all relevant times defendant I-Shoplog Holdings Inc. (hereinafter "I-Shoplog Holdings") was and is a business entity believed to be organized under Delaware law with its registered agent listed as The Corporation Trust Company, located at 1209 Orange St., Wilmington, Delaware 19801. At all relevant times, defendant I-Shoplog Holdings was and still holds defendant I-Shoplog LLC.

9. At all relevant times defendant I-Shoplog LLC (hereinafter "I-Shoplog") was and is a business entity believed to be organized under New Jersey law with a business address at 20 Murray Hill Pkwy, Suite 160, East Rutherford, NJ 07073. At all relevant times, defendant I-Shoplog was and still is engaged in the business of operating an online e-commerce/social commerce marketplace.

10. At all relevant times defendant Eun-Sang Park (hereinafter "Park" or "Defendant Park") was and is an individual who is believed to be an officer, director, shareholder or otherwise responsible person who managed labor affairs on behalf of Wemakeprice, I-Shoplog Holdings and I-Shoplog, and, on information and belief, maintains an office at 502 Youngdongdero, Gangnam-gu, Seoul, South Korea.

11. At all relevant times defendant Heo Min (hereinafter "Min" or "Defendant Min") was and is an individual who is believed to be an officer, director, shareholder or otherwise

3

responsible person who managed labor affairs on behalf of Wemakeprice, I-Shoplog Holdings and I-Shoplog, and, on information and belief, maintains an office at 502 Youngdongdero, Gangnam-gu, Seoul, South Korea.

12. At all relevant times defendant Joon Ahn (hereinafter "Ahn" or "Defendant Ahn") was and is an individual who is believed to be an officer, director, shareholder or otherwise responsible person who managed labor affairs on behalf of Wemakeprice, I-Shoplog Holdings and I-Shoplog, and, on information and belief, resides at an unknown address in Pennsylvania. Defendant shall be served upon identification of Defendant's current address.

13. At all relevant times defendant Kwan Suk Moon (hereinafter "Moon" or "Defendant Moon") was and is an individual who is believed to be an officer, director, shareholder or otherwise responsible person who managed labor affairs on behalf of Wemakeprice, I-Shoplog Holdings and I-Shoplog, and, on information and belief, resides at an unknown address in Seoul, South Korea. Defendant shall be served upon identification of Defendant's current address.

14. The foregoing defendants were "employers" of plaintiffs within the meaning of the applicable statutes and case law as defendants suffered plaintiff to work, as more-fully stated below.

## JURISDICTION AND VENUE

15. The Court has jurisdiction over this action as it arises under federal law under 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. 216(b), as it implicates the Fair Labor Standards Act. State claims are appropriate under the supplemental jurisdiction statute 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. Section § 1391(1), (2) because substantial events or omissions occurred in this district and defendants transact business in this district or within the State of New Jersey.

## STATEMENT OF FACTS

### As to Plaintiff Han

16. Plaintiff Han was an employee of defendants, from approximately June 1, 2015 to July 19, 2017. When plaintiff was hired, defendant Wemap operated an on-line e-commerce/social commerce company in South Korea, similar in operations to Groupon, employing approximately over 1000 individuals. Defendant I-Shoplog Holdings and I-Shoplog were formed to establish a U.S. presence, engaging in the same retail sales business catered to Koreans in the United States. Plaintiff was employed at I-Shoplog's warehouse facility, located at 20 Murray Hill Pkwy, Suite 160, East Rutherford, New Jersey.

17. Wemap operates an e-commerce/social commerce website, wherein a variety of manufacturers, wholesalers and retailers would pay a commission to Wemap to advertise and sell their products on Wemap's web platform. I-Shoplog Holdings is a Delaware based holding company with no day-to-day business activity, and solely exists to hold I-Shoplog LLC, a New Jersey limited liability company that purports to be an entirely separate business from Wemap. However, I-Shoplog was established, staffed, managed and operated by the officers, directors and shareholders of Wemap. Defendant Ahn, the president of I-Shoplog, is also the General Manager ("GM") of Wemap. Defendant Moon, member of the I-Shoplog LLC, is also the Director of Wemap, and board member of I-Shoplog LLC. When staffing commenced for I-Shoplog, online job postings advertised the positions as the U.S. subsidiary of Wemap, due to Wemap's high commercial success and recognition in South Korea. I-Shoplog sold Wemaps' products in the United States, and on information and belief, Wemap sold products in Korea acquired in the United States by I-Shoplog. Essentially, all three corporate defendants are one business enterprise.

18. Plaintiff Han was hired as an "assistant manager" who was to be in charge of managing the employees within the packaging department, but was also responsible for performing the duties of packaging department employees, including unloading deliveries, repackaging merchandise and cleaning the warehouse. From June 1, 2015 to October 30, 2016, Han was paid at an hourly rate of $19.23 per hour, and worked full-time Monday through Friday. Defendant I-Shoplog utilized a time punch-card system. Plaintiff Han punched-in at 9:00am and punched-out at 6:00pm, with a 1-hour lunch break. However, Plaintiff Han was required to work an additional three (3) to six (6) hours daily, routinely leaving work at 9:00pm or 12:00am, re-organizing the inventory that had been dispersed throughout the warehouse during the day. These duties were not within the duties assigned Plaintiff Han as an assistant manager, but Plaintiff Han had no choice but to perform them under the threat of termination. Occasionally, Defendants would pay Plaintiff Han a nominal amount of overtime in order to fabricate evidence that overtime was being paid as a matter of policy. However, the true amount of overtime performed by Plaintiff Han for which he was unpaid remains substantial.

19. In or about October 30, 2016, Plaintiff Han was promoted to the position of "Warehouse Manager", and entered into an employment contract. His annual salary was $112,000.00, and commenced receiving bi-weekly paychecks in the amount of approximately $4,200.00. On or about December 30, 2016, only two (2) months after beginning his new position as Warehouse Manager, his compensation dropped to $2,300.00 bi-weekly. Plaintiff Han was told by Defendant Ahn that the company could not afford to pay his full salary due to decreased business, and presented a "take-it-or-leave-it" proposition.

20. In or about September 2016 and through October 2016, Defendant I-Shoplog terminated approximately two-thirds of all employees from its East Rutherford, New Jersey

warehouse, leaving behind approximately eight (8) employees, including Plaintiffs Han and Koh. From October 2016 to July 19, 2017, Plaintiff Han was directed to undertake all duties and responsibilities formerly performed by the terminated employees, substantially increasing Plaintiff Han's workload, and which duties were outside the scope of the terms of his employment contract. Specifically, Plaintiff Han was routinely directed to clean the restrooms, delivering and picking up merchandise in Delaware, receiving and processing customer orders, selecting merchandise from the warehouse, packaging merchandise, and processing deliveries.

21. In or about May 4, 2017, Plaintiff Han was involved in a motor vehicle accident while operating the defendant company's delivery truck. The truck's brakes failed, causing Plaintiff Han to careen into a vehicle in front of him. As a result of the accident, Plaintiff Han suffered a herniated disc in his neck and lower back. Prior to the accident, Plaintiff Han had notified Defendant Ahn about issues with that particular truck's brakes. Immediately prior to Plaintiff Han's operation of the truck, Defendant Ahn assured Plaintiff Han that the brakes on the truck were repaired and/or replaced, and that the vehicle was in proper working order. As a result of the accident, Plaintiff Han put in a claim for worker's compensation with the New Jersey Worker's Compensation Board. Shortly after filing a claim, Defendant Ahn terminated Plaintiff Han in retaliation of Han's filed worker's compensation claim.

**As to Plaintiff Koh**

22. Plaintiff Koh was an employee of I-Shoplog from approximately August 16, 2015 to December 30, 2016, where he was employed as a nonexempt Merchandise Operations staff member. From August 16, 2015 to December 28, 2015, Defendant worked 9:00am to 6:00pm Monday through Friday, with a 1-hour lunch break, and working no overtime hours.

Commencing December 28, 2015 and through to December 30, 2016, Plaintiff Koh was required to work an additional three (3) to six (6) hours daily, routinely leaving work at 9:00pm or 12:00am, joining with Plaintiff Han to re-organize and re-shelf inventory that had been dispersed throughout the warehouse during the day. Plaintiff Koh was not paid overtime wages as required by the FLSA and New Jersey wage laws.

## CLAIMS FOR RELIEF

### COUNT I
### FLSA Wage and Hour Violations
### Heung Joo Han

23. The foregoing paragraphs are incorporated by reference.

24. Defendants willfully and intentionally failed to compensate Plaintiff Han the applicable overtime wages for hours over forty hours a week, in violation of 29 U.S.C. § 201 et seq.

25. Defendants have failed to make a good faith effort to comply with the Fair Labor Standards Act with respect to compensation of Plaintiff Han.

26. Due to Defendants' violation of FLSA, Plaintiff Han is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of this action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

### COUNT II
### NJ Wage Law Violations
### Heung Joo Han

27. The foregoing paragraphs are incorporated by reference.

28. The Defendants' intentional failure to pay overtime pay violates N.J.S.A. 34:11-56a et seq. and supporting regulations.

29. Plaintiff Han has been damaged in an amount as yet undetermined plus liquidated damages, attorney's fees and costs.

### COUNT III
### FLSA Wage and Hour Violations
### Jong Min Koh

30. The foregoing paragraphs are incorporated by reference.

31. Defendants willfully and intentionally failed to compensate Plaintiff Koh the applicable overtime wages for hours over forty hours a week, in violation of 29 U.S.C. § 201 et seq.

32. Defendants have failed to make a good faith effort to comply with the Fair Labor Standards Act with respect to compensation of Plaintiff Koh.

33. Due to Defendants' violation of FLSA, Plaintiff Koh is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of this action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

### COUNT IV
### NJ Wage Law Violations
### Jong Min Koh

34. The foregoing paragraphs are incorporated by reference.

35. The Defendants' intentional failure to pay overtime pay violates N.J.S.A. 34:11-56a et seq. and supporting regulations.

9

36. Plaintiff Koh has been damaged in an amount as yet undetermined plus liquidated damages, attorney's fees and costs.

## COUNT V
### Collective FLSA Wage and Hour Violations

37. The foregoing paragraphs are incorporated by reference.

38. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

39. At all times material herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

40. Defendants are covered employers required to comply with the FLSA's mandates.

41. Defendants have violated the FLSA with respect to Plaintiffs and the Collective, by, inter alia, failing to compensate Plaintiff and the Collective for all hours worked and failing to pay the legally mandated overtime premium for such work and/or minimum wage.

42. Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

43. Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendants.

44. Plaintiffs and the Collective are entitled to damages equal to the mandated pay, including overtime premium pay within the three years preceding the filing of the complaint, because Defendants have acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

45. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

46. Plaintiffs and Collective members are entitled to all of the unpaid wages, plus an additional equal amount as liquidated damages, court costs, attorneys' fees and expenses they expend in successfully bringing this action to recover their unpaid wages, and any other relief deemed appropriate by the Court.

47. Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

### COUNT VI
### Negligence
### As to Heung Joo Han

48. The foregoing paragraphs are incorporated by reference.

49. At all relevant times, Defendants had a duty to maintain the businesses' trucks and to assure its proper working order, for the safety of its employee-operators.

50. In or about May 4, 2017, Defendants failed to properly maintain the brakes on its delivery truck, causing the vehicle to fail to properly brake.

51. Plaintiff Han's motor vehicle accident was directly and proximately caused by the vehicle's failure to brake, causing Plaintiff Han to careen into a vehicle in front of him.

52. As a direct and proximate result of Defendant's failure to maintain the businesses' truck, Plaintiff Han suffered severe damages, in an amount to be determined at trial.

Dated: September 13, 2017

Respectfully submitted,

_____
Seung Han (Aaron) Shin, Esq.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs and each of them demand a trial by jury.

Dated: September 13, 2017

By: _____
Seung Han (Aaron) Shin, Esq. (SS1028)
SHIN & JUNG L.L.P.
2400 Lemoine Ave. Suite 204
Fort Lee, NJ 07024
Tel: (201) 482-8095
Fax: (201) 399-3269