NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HEUNG JOO HAN and JONG MIN KOH,

Plaintiffs,

v.

WEMAKEPRICE INC. et al.,

Defendants.

Civil Action No. 17-7077 (SRC)

**OPINION**

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion to dismiss the Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), by Defendants Eun-Sang Park and Heo Min[1] (collectively, the "Moving Defendants"). For the reasons stated below, the motion will be granted.

According to the Complaint, this case arises from a dispute between Plaintiffs and all Defendants over payment of wages to employees of Defendant I-Shoplog LLC, a wholly-owned subsidiary of Defendant Wemakeprice Inc. ("WMPI").

The Complaint alleges that Eun-Sang Park and Heo Min are each "an officer, director, shargeolder or otherwise responsible person who managed labor affairs on behalf of Wemakeprice, I-Shoplog Holdings and I-Shoplog" who maintains an office in the Republic of Korea. (Compl. ¶¶ 10, 11.) The Complaint alleges no other facts about the Moving Defendants.

The Moving Defendants move to dismiss the Complaint against them for lack of personal

---

[1] Defendants state that the Complaint has incorrectly named "Heo Min," whose correct name is "Min Heo."

jurisdiction, arguing that the Moving Defendants lack minimum contacts with the State of New Jersey.

The Third Circuit has held:

> Under Federal Rule of Civil Procedure 4(e), a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state. Whether a district court has personal jurisdiction over a nonresident defendant is a two-part inquiry. First, there must be a statutory basis for exercising jurisdiction over the nonresident defendant in accordance with the law of the forum state. Second, the nonresident must have minimum contacts with the forum state sufficient to satisfy constitutional due process.

Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 155 (3d Cir. 2010) (citation omitted). Moreover, on a motion to dismiss for lack of personal jurisdiction:

> The burden of demonstrating the facts that establish personal jurisdiction falls on the plaintiff, and once a defendant has raised a jurisdictional defense, the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper. If the district court does not hold an evidentiary hearing, the plaintiff[s] need only establish a prima facie case of personal jurisdiction. Moreover, it is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff.

Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330, 51 V.I. 1219 (3d Cir. 2009) (internal citations omitted). Thus, under Metcalfe, Plaintiffs bear the burden of proof by competent evidence that jurisdiction is proper.

In opposition, Plaintiffs first argue that the Moving Defendants are liable under New Jersey's Wage Payment Law. The basis for the legal liability of the Moving Defendants is not, however, presently at issue: at issue now is whether this Court has jurisdiction over the Moving Defendants, which is an entirely different matter from liability. As the Moving Defendants point out in their reply brief, Plaintiffs appear to have confused a Rule 12(b)(6) issue (whether the complaint asserts a claim upon which relief may be granted) with a Rule 12(b)(2) issue (whether

2

this Court's exercise of jurisdiction complies with the Due Process clause of the Fourteenth Amendment.) See Pennoyer v. Neff, 95 U.S. 714, 733 (1877) ("proceedings in a court of justice to determine the personal rights and obligations of parties over whom that court has no jurisdiction do not constitute due process of law.")

Plaintiffs next argue that the Moving Defendants meet the requirements for specific personal jurisdiction under a minimum contacts analysis. In support, Plaintiffs offer only fog. The Court observes that Plaintiffs have submitted only one piece of evidence, the declaration of Plaintiff Heung Joo Han. The Han declaration makes only one statement relevant to the Moving Defendants' contacts with the forum: "it has always been my understanding that all operational policy made in the local, United States-based business was set and implemented by the officers and owners in South Korea, including Mr. Park and Mr. Heo." (Han Dec. ¶ 3.)

"[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction may be general or specific. General personal jurisdiction may be found when a defendant's contacts with the forum are "continuous and systematic." Id. at 317; see also Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) ("only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there.") Plaintiffs' opposition brief does not provide any basis to find that the Moving Defendants have the kind of affiliation with the forum that would support a finding of general personal jurisdiction under Daimler.

As to specific personal jurisdiction, the Third Circuit has stated:

The inquiry as to whether specific jurisdiction exists has three parts. First, the

defendant must have 'purposefully directed [its] activities' at the forum. Second, the litigation must 'arise out of or relate to' at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'

O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (citations omitted). Plaintiffs fail to point to evidence that supports a finding in their favor on the first prong. There is no evidence of record that supports an inference that either Moving Defendant purposefully directed any activity to the State of New Jersey. Plaintiffs offer nothing more than vague and conclusory allegations. Plaintiffs have therefore failed to meet their burden of proof of sufficient contacts between the Moving Defendants and the forum. This Court finds no basis to conclude that either "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

This Court lacks personal jurisdiction over the Moving Defendants. As to Defendants Eun-Sang Park and Heo Min, the motion to dismiss the Complaint for lack of personal jurisdiction is granted.

                                               s/ Stanley R. Chesler
                                             STANLEY R. CHESLER, U.S.D.J.

Dated: January 28, 2019